Edward Fontaine *et al. vs.* The Inlaid Company.

JUNE 2, 1914.

Present: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Bills of Exceptions. Exceptions after Judgment.*

An exception does not lie to a ruling or decision of the trial court after the entry of judgment in the cause.

Assumpsit. Heard on motion of plaintiffs to dismiss defendant's bill of exceptions and granted.

Per Curiam. This action was originally brought in the sixth district court and came before the Superior Court on a claim of jury trial. While pending there the ad damnum was, on motion, permitted to be increased to $1,500. When the case was tried the plaintiffs obtained a verdict in the sum of $75. On February 18th, 1914, judgment was entered as of February 11th on said verdict with costs taxed by the clerk of the Superior Court in the sum of $61.60. On February 19th, 1914, defendant filed a motion that the costs as taxed by the clerk be revised by the court and thereupon issuance of execution was stayed. Hearing on the motion was had on February 28th, 1914, and on the same day it was denied. The defendant excepted to such decision and within the time allowed therefor filed its bill of exceptions, containing the single exception aforesaid, which was allowed and is now pending in this court. Plaintiffs have filed a motion that said bill of exceptions be dismissed.

The scheme for the review by this court of questions raised by a bill of exceptions includes "exceptions to decisions or rulings prior to trial;" exceptions to "a ruling, decision or finding of the court upon any issue of fact or matter of law" in a case heard without a jury; exceptions to "any ruling, direction or decision of the Superior Court upon any matter of law" in causes tried by a jury, and exceptions "to a

decision upon a motion for a new trial," which is the last decision or ruling in the travel of a case to which an exception is expressly allowed.   At any rate an exception to a ruling or decision after judgment does not seem to be contemplated as the statutes provide that a notice of intention to prosecute a bill of exceptions duly filed in the office of the clerk of the Superior Court, accompanied by a request for a transcript of testimony and by a deposit of the stenographer's fees therefor, operates as a stay of judgment, as does also the filing of a bill of exceptions.   See Gen. Laws, Chap. 298, §§ 8, 9, 10, 12, 13, 14, 17 and 24.

In this case judgment has been entered and the exception is taken to a decision on a motion after entry of judgment. In our opinion the matter is not properly before us for review.

The motion to dismiss is therefore granted and the case is remitted to the Superior Court for further proceedings.

*Irving Champlin,* for plaintiff.
*John I. Devlin,* for defendant.